**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMY COLE and ROBERT A.
PELLETIER, JR.,

       Plaintiffs,

v.                                 Case No:   6:24-cv-1852-PGB-LHP

WESTGATE RESORTS, LTD,

       Defendant

_____

**ORDER**

On September 17, 2024, Plaintiffs Amy Cole and Robert A. Pelletier, Jr., who at all times were represented by Attorney Stephanie Parsons of the now-defunct Timeshare Law Firm, filed a 13-count complaint in state court against Defendant Westgate Resorts, Ltd. Doc. No. 1-1. Defendant removed the case to this Court on October 14, 2024. Doc. No. 1. The 13 counts center on a contract Plaintiffs entered into with Defendant for purchase of a timeshare in Gatlinburg, Tennessee. Doc. No. 1-1. Among the many claims against Defendant, Plaintiffs asserted a cause of action for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA). *Id.*

On August 24, 2025, United States District Judge Paul G. Byron granted Defendant's motion to dismiss (Doc. No. 41) and dismissed Plaintiffs' entire complaint with prejudice.   Doc. No. 81.   And on December 16, 2025, Judge Byron granted Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2) (Doc. No. 57), and granted Defendant's motion for attorneys' fees and costs under FDUTPA, Fla. Stat. § 501.2105(1) (Doc. No. 86).   Doc. No. 100.   In that Order, Judge Byron specifically held that while Defendant is entitled to sanctions under Rule 11 against Attorney Parsons and the Timeshare Law Firm, and also entitled to attorneys' fees as a prevailing party on the FDUTPA claim against Plaintiffs, "they are not entitled to double recovery."   Doc. No. 100, at 10.   Judge Byron also directed Defendant to file a supplemental motion for attorneys' fees and costs with a time certain, and in compliance with Local Rule 7.01(c).

Defendant timely-filed its Motion to Determine Amount of Attorneys' Fees to be Assessed, along with its billing records, and a declaration from one of its attorneys, Richard W. Epstein.   Doc. Nos. 102-103.   Plaintiffs, who remain represented by Attorney Parsons and other counsel, have not responded.   Nor has Attorney Parsons or the Timeshare Law Firm.   Thus, the motion, which has been referred to the undersigned for consideration, will be treated as unopposed.   *See* Local Rule 3.01(d).   Despite its unopposed status, however, Defendant's motion

suffers from several deficiencies which warrant a denial of the motion without prejudice, and with leave to refile.

First, Courts follow the federal lodestar analysis for calculating the amount of reasonable attorneys' fees to be awarded as sanctions under Rule 11 and to be awarded to prevailing parties under FDUPTA.  *See, e.g.*, *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-MMH-MCR, 2022 WL 8216375, at \*3 (M.D. Fla. Aug. 23, 2022), *report and recommendation adopted*, 2022 WL 4234090 (M.D. Fla. Sept. 14, 2022), *aff'd*, No. 22-13404, 2023 WL 8613815 (11th Cir. Dec. 13, 2023) (applying the lodestar method to calculate reasonable attorneys' fees under Rule 11); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-cv-12-Oc-10GRJ, 2008 WL 906739, at \*4 (M.D. Fla. Apr. 2, 2008) (applying the lodestar method to calculate reasonable attorneys' fee under FDUPTA).  Here, however, while Defendant has provided some evidence and legal argument in support of the requested hourly rates, Defendant wholly fails to provide any argument or legal authority in support for the requested hours.  Doc. No. 102.[1]  Rather, Defendant has simply provided two sets of what appear to be largely identical billing records, without explanation.

---

[1] The undersigned notes that there are discrepancies among the hourly rates between what is listed in the motion and what is listed on the billing records.  Doc. Nos. 102, 102-2, 102-3.  These discrepancies are not explained.  Moreover, if Defendant is requesting hourly rates based on the fact that Defendant agreed to those rates (Doc. No. 102, at 3-4), Defendant should provide evidence to support such a representation; the conclusory argument of counsel in a motion is not sufficient.

Second, and relatedly, while Defendant represents that it is not seeking a double recovery (Doc. No. 102, at 1, n. 1), from the motion and records provided it appears that Defendant is doing just that. In fact, Defendant does not even discuss the number of hours or total fees sought in the motion, nor does Defendant provide any breakdown of the hours incurred by attorney. Rather, Defendant simply submits its largely identical billing records, with one set (apparently related to Rule 11) totaling $103,051.80, and the other set (apparently related to FDUTPA) totaling $80,218.15. Doc. Nos. 102-2, 102-3. And from the records presented, which contain identical time entries, and in the absence of any detailed explanation or argument, the undersigned is left to guess how to allocate these hours such that Defendant will not receive a double recovery.[2] Moreover, the fees to be awarded against Plaintiffs are only with respect to the FDUTPA claim, yet Defendant acknowledges that its billing records cover the entirety of this litigation – *i.e.*, the defense of all 13 claims – and that the records Defendant points to with respect to the FDUTPA claim have only omitted sanctions-related hours. Doc. No. 102, at 7. Thus, the undersigned must presume that Defendant is seeking all of its fees for litigating the entirety of this case without even attempting to parse out the fees

---

[2] For example, Defendant's barebones motion could be interpreted as seeking a total fee award of $183,269.95 with $103,051.80 levied against counsel, and the remaining $80,218.15 levied against Plaintiffs, which would clearly amount to a double recovery. And because the theories of relief are different, joint and several liability is not an option.

related solely to the FDUTPA claim, and without providing any argument suggesting that such a windfall would be appropriate in this context.  *See, e.g., Health First, Inc. v. Hynes*, No. 6:11-cv-715-Orl-41KRS, 2016 WL 4547186, at *3 (M.D. Fla. Sept. 1, 2016) (reducing hours by an across-the-board percentage to account for time spent working on claims for which plaintiff cannot recover fees).

Third, several of the time entries seek recovery for clerical tasks, which is not permissible, for travel time for Attorney Epstein, without explanation, and several time entries appear to show multiple attorneys performing similar tasks, again without explanation or justification.  *See, e.g.*, Doc. No. 102-2 at 1, 3, 5, 6, 7, 8.[3]  *See also, e.g., Bravo v. IQ Data Int'l, Inc.*, No. 8:21-cv-00887-TPB-SPF, 2022 WL 16927691, at *4 (M.D. Fla. Oct. 24, 2022), *report and recommendation adopted*, 2022 WL 16923501 (M.D. Fla. Nov. 14, 2022) (*sua sponte* reducing hours billed for performance of clerical work); *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) ("[A]lthough there are no precise rules with respect to travel time, a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally 'must show a lack of attorneys' practicing in that place who are willing and able to handle his claims.' "); *Health First, Inc.*, 2016 WL 4547186, at *3 (reducing hours where plaintiff's counsel billed for multiple reviews of the same documents).

---

[3] The lack of opposition to Defendant's motion does not result in a rubber-stamping of Defendant's requested fees.  *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Fourth, and finally, the undersigned notes that the present case is but one of many filed by Attorney Parsons and the Timeshare Law Firm in this District, and the undersigned is concerned that the hours requested in this case may be duplicative of those already sought – and awarded – in other similar cases. In other words, Defendant has provided no evidence or argument establishing that the hours sought here are reasonable and warranted where it appears that many of the motions filed in this case are in large part carbon copies of motions filed in other cases in this District. *See also* Doc. No. 95-1.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). For the reasons discussed in this Order, the undersigned at this point would simply be guessing and/or doing Defendant's job for it in both assessing the amount of fees to be awarded and determining a fair allocation of those fees, neither of which is appropriate.

Accordingly, because this is Defendant's first quantification motion, and in light of Judge Byron's clear directives that Defendant is entitled to fees both as a sanction under Rule 11 and as a prevailing party under FDUTPA, Defendant's motion (Doc. No. 102) is **DENIED WITHOUT PREJUDICE**. It is **ORDERED** that within **thirty (30) days** from the date of this Order, Defendant shall file a renewed

- 6 -

supplemental motion for quantification of fees under Rule 11 and FDUTPA. Such motion shall address all issues identified in this Order, shall provide evidence and legal authority in support of the requested lodestar amount (both reasonable rates and reasonable hours), shall clearly identify which hours are being sought as to Rule 11 and which hours relate to the FDUTPA claim, and shall remove all hours not recoverable under applicable legal precedent. Any requested rates or hours that are not properly supported by argument and evidence will result a recommendation that those hours and/or rates be denied.

Defendant is further **ORDERED** to email and mail a copy of this Order and any renewed motion for amount of fees to Plaintiffs at their last known contact information. *See also* Doc. No. 93. This Order does not, of course, relieve Attorney Parsons of her obligation to continue to represent Plaintiffs unless and until a properly supported motion to withdraw is filed and granted.

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties